BOOTH, Judge.
This cause is before us on interlocutory appeal from the order of the Circuit Court, Escambia County, granting partial summary judgment in favor of Gulf Life on Count II of the complaint.
Appellant filed a complaint for compensatory and punitive damages against Gulf Life Insurance Company, and one Colley, alleging defamation and intentional interference with economic advantages. Count II of the complaint alleged that Colley, acting in the scope of his employment with Gulf Life, made defamatory remarks to certain officials of Pensacola Junior College where appellant was to begin teaching a non-credit course'on insurance. As a result, the course was cancelled.
Colley was employed as a district manager of Gulf Life’s Pensacola, Florida, office. He was also president of the Pensacola Association of Life Underwriters, a local organization affiliated with the State and National Associations of Life Underwriters. Appellant Vinson’s name was included in a complaint made to the Association’s Grievance Committee. By vote of the Association’s Board of Directors, a formal complaint was made to the State Insurance Commission against Vinson and others for alleged violations of the Florida Insurance Replacement statutes and other matters. The Insurance Commission commenced an investigation which concluded with Vinson being asked to stop using misleading business cards.
The deposition before the court established that while the investigation by the Insurance Commission was in progress, the Association’s Board of Directors learned that Vinson was to teach a course at the college on life insurance and, at the direction of the Board, Colley called two college officials to inform them that Vinson was under investigation by the Insurance Commission.. Both officials testified that” Colley told them he was acting as president of the Pensacola Association of Life Underwriters.
The trial court’s order granting partial summary judgment in favor of defendant Gulf Life on Count II, is in part as follows:
“ . ■. [T]he court finds that there is no factual dispute relating to the issue of this defendant’s liability as respondeat superior under Count II of the complaint. The testimony of all witnesses on this issue establishes that defendant Colley was acting as an officer of the Association of Life Insurance Underwriters at the direction of its board of directors. He was not acting as an agent for defendant Gulf Life.”
We have reviewed the record and conclude that the trial court was correct in ruling that no material issue of fact existed as to Gulf Life’s liability in Count II. There was no evidence that Colley was acting other than as president of the Association in communicating with the officials at the college.
Accordingly, the judgment below is AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.